WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Joann Jones, | No. CV-19-02854-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Mary Joann Jones' ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 10).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 15, 18, 22), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to Step Two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to Step Three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

- 2 -

> C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.
>
> **Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

> **Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2] *Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II.  DISCUSSION

### A.  Procedural Background

Plaintiff, who was born in 1962, has worked as a business owner by running her own bar. (A.R. 26, 68). In 2015, Plaintiff filed application for disability insurance benefits. (A.R. 140-41). Plaintiff's applications alleged that on February 15, 2014, Plaintiff became unable to work due to bipolar disorder, extreme depression, and anxiety. (A.R. 68). Social Security denied the applications on April 27, 2015. (A.R. 84-87). Upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 93-95). Plaintiff sought further review by an ALJ, who conducted a hearing in November 2017. (A.R. 34-53).

In his April 26, 2018 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 18-28). The Appeals Council denied

Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On May 6, 2019, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 15, 2014 (the alleged disability onset date) through December 31, 2017 (the date last insured). (A.R. 20). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: bipolar disorder/depression and anxiety. (A.R. 20). The ALJ's step two determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 21-22). Neither party disputes the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, subject to the following non-exertional limitations: Plaintiff "can understand, remember, and carry out simple and semi-skilled instructions, follow work-like procedures, and make simple work related decisions." (A.R. 22).

After considering Plaintiff's RFC, the ALJ determined that Plaintiff is unable to perform her past relevant work as a business owner. (A.R. 26). Although Plaintiff does not challenge the ALJ's determination that Plaintiff is unable perform her past work,

Plaintiff asserts that the ALJ's decision does not adequately consider all work-related limitations. (Doc. 15 at 20-22).

### 5. Step Five: Capacity to Perform Other Work

At the final step, the ALJ found that Plaintiff is able to perform other jobs existing in significant numbers in the national economy. (A.R. 27). In making this finding, the ALJ relied on the Medical-Vocational Guidelines (the "Grids"). Plaintiff argues that the ALJ erred at Step Five by relying on the Grids. (Doc. 15 at 18-20).

### C. The ALJ Failed to Provide Clear and Convincing Reasons for Discounting Plaintiff's Testimony Regarding Plaintiff's Alleged Impairments

When evaluating a claimant's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a claimant must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a claimant meets the first step, and there is no evidence of malingering, the ALJ can only reject a claimant's testimony about the severity of his or her symptoms by offering clear and convincing reasons that are supported by substantial evidence in the record. *Lingenfelter*, 504 F.3d at 1036. In evaluating a claimant's symptom testimony, the ALJ can consider many factors including: a claimant's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the claimant's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence). In addition, although the lack of medical evidence cannot form the sole basis for discounting pain

testimony, it is a factor that the ALJ can consider in evaluating the testimony. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *see also* 20 C.F.R. 404.1529(c); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff testified at the hearing that her bipolar disorder can cause her to feel so low that she does not "get out of bed for days or a week, two weeks." (A.R. 41). She also testified that her anxiety causes her to experience migraines and shortness of breath. (A.R. 40). In addition, Plaintiff stated that her bipolar disorder can cause her to get "very agitated" and she "can fly off the handle very easy." (A.R. 41). Although the ALJ's decision summarizes Plaintiff's function report (A.R. 23), the decision does not discuss any of Plaintiff's statements made at the hearing.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R. 26). The ALJ concluded that "neither the objective medical evidence" nor Plaintiff's "own statements and activities supports a conclusion that she is unable to perform any substantial gainful activity at the any exertion level with additional non-exertional limitations as contained in the adopted residual functional capacity." (*Id.*). The Court does not find that these are clear and convincing reasons for discounting Plaintiff's symptom testimony.

First, although an ALJ may consider a lack of objective evidence in evaluating a claimant's testimony, a claimant's testimony of disabling symptoms cannot be discredited "merely because [it is] unsupported by objective evidence." *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.").

Plaintiff's testimony cannot be discounted on the sole basis that her alleged symptoms are unsupported by objective evidence.

Second, as Plaintiff notes (Doc. 15 at 13), the ALJ did not explain which of Plaintiff's statements and activities of daily living support the ALJ's conclusion that Plaintiff is capable of performing substantial gainful activity. The ALJ's decision does not adequately detail how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (explaining that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping [and] driving a car, . . . does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."); *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"). The Ninth Circuit has instructed that an "ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284. The Court cannot affirm an ALJ's decision on a ground not asserted by the ALJ. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the error was harmless."). The ALJ's decision requires the Court to speculate as to the grounds for the ALJ's conclusion that Plaintiff's testimony conflicts with the medical evidence. *See id.* at 495 (court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

"The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding her impairments. This error is harmful and alone requires remand.

### C. The Case Will Be Remanded for an Award of Benefits

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) (citations and internal quotation marks omitted). A district court may remand directly for an award of benefits only when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison,* 759 F.3d at 1020. Even if these requirements are met, the court retains "flexibility" to remand "on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Dominguez,* 808 F.3d at 407-08.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. It is noted that a vocational expert did not testify at the hearing. However, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Harman*

*v. Apfel*, 211 F.3d 1172, 1178-79 (9th Cir. 2000) (explaining that remand for payment of benefits was appropriate even where an ALJ might, in further proceedings, articulate a proper reason for discrediting testimony).

It is clear from the record that if Plaintiff's symptom testimony was credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective February 15, 2014 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective February 15, 2014.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 18th day of May, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge